**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHRISTOPHER B. SHAW,[1] | DOCKET NUMBER |
| Appellant, | NY-0752-13-0270-I-1 |
| | |
| v. | |
| | |
| DEPARTMENT OF THE ARMY, | DATE: August 26, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Nnenne Agbai, Washington, D.C., for the appellant.

Matthew J. Geller, Esquire, West Point, New York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact;

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *In re West Point Emergency Service, No Hearing v. Department of the Army*, MSPB Docket No. NY-0752-14-0154-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency furloughed the appellant for 6 days from his GS-0080-12 Supervisory Security Specialist position with the Directorate of Emergency Services (DES), United States Army Garrison West Point. Initial Appeal File (IAF), Tab 1 at 7, Tab 3 at 5-8. The agency's proposal notice informed the appellant that the action was "necessitated by the extraordinary and serious budgetary challenges facing the Department of Defense for the remainder of Fiscal Year 2013, the most serious of which is the sequester that began on March 1, 2013," i.e., across-the-board reductions to Federal budgetary resources. IAF, Tab 1 at 9.

¶3 On appeal to the Board, the appellant asserted that he should have been exempt from the furlough because his position was necessary to protect the safety of life and property and that he was similarly situated to other DES employees who were exempted from the furlough pursuant to this exception. IAF, Tab 1 at 5, Tab 5 at 4. He also alleged that the agency furloughed him in retaliation for

his prior equal employment opportunity (EEO) activity.  IAF, Tab 8 at 2, Tab 13 at 4.

¶4    Based on the written record, the administrative judge issued an initial decision affirming the agency's furlough action.  IAF, Tab 16, Initial Decision (ID).  The administrative judge found that the agency established cause for the furlough, the furlough promoted the efficiency of the service, and the appellant failed to prove that the agency treated him differently from similarly situated employees.  ID at 11-13.  The administrative judge also found that the appellant failed to prove that the decision to furlough him was motivated by retaliation.  ID at 9‑11.

¶5    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the agency proved by preponderant evidence that the appellant met the criteria for being subject to, and not excepted from, the furlough.

¶6    Under  5 U.S.C. §§ 7512(5) and 7513(a), an agency may furlough an employee for 30 days or less "only for such cause as will promote the efficiency of the service."  The concept of "cause" in the context of a furlough appeal encompasses whether the appellant met the criteria established by the agency for being subject to, and not excepted from, the furlough.  *Dye v. Department of the Army*, 121 M.S.P.R. 142, ¶ 9 (2014).  The agency has the burden of proving "cause" by preponderant evidence.  *See Tinker AFSC/DP v. Department of the Air Force*, 121 M.S.P.R. 385, ¶ 15 (2014); *Dye*, 121 M.S.P.R. 142, ¶ 9.

¶7    In a May 14, 2013 memorandum, the Secretary of Defense set forth a list of furlough exceptions, which included the following:  "In order to avoid harm to mission, those employees necessary to protect safety of life and property are excepted to the extent necessary to protect life and property."  Department of the Army Administrative Record for Fiscal Year 2013 Furlough Appeals, Tab 7,

*available at* http://www.mspb.gov/furloughappeals/army2013.htm. The memorandum further provided that "[t]he exceptions approved for the safety of life and protection of property category are granted with the understanding that these are the minimum exceptions needed to maintain operations and provide security on a 24/7 basis and that furloughing these employees would result in the Department incurring additional costs for premium pay." *Id.* It also granted installation commanders with the authority to apply the exception in such a way as to meet the needs of their particular installation. *Id.*

¶8      Here, the deciding official for the appellant's furlough indicated in an affidavit that he limited his use of this exception to two classes of employees within DES: (1) Department of the Army Security Guards; and (2) West Point Fire Department firefighters, fire chiefs, fire inspectors, and fire protection specialists. *In re West Point Emergency Service, No Hearing v. Department of the Army*, MSPB Docket No. NY-0752-14-0154-I-1, Consolidation Appeal File (CAF), Tab 5 at 6‑7.

¶9      On review, the appellant reiterates his argument below that he should have been exempt from the furlough because his position is necessary to protect the safety of life and property. PFR File, Tab 1 at 11-13. He argues that he supervised the security guards who were exempt and performed job duties, such as "implementing a physical security/crime prevention program," which he contends is in the "same category of duties" as those performed by the exempt security guards. *Id.* at 11‑12.

¶10      We find no error in the administrative judge's determination that the agency proved cause, despite declining to apply the furlough exception for employees necessary to protect the safety of life and property to the appellant. Because the exception included the phrase "to the extent necessary," it did not create a blanket exception. *Ronso v. Department of the Navy*, [122 M.S.P.R. 391](#), ¶ 9 (2015); *Lopez v. Department of the Navy*, [121 M.S.P.R. 647](#), ¶ 11 (2014). Instead, the

exception contemplated that management would exercise discretion, as it did here, in determining which employees were needed to protect the safety of life and property. *See Lopez*, 121 M.S.P.R. 647, ¶ 11 (recognizing that the exception contemplated that some employees occupying positions that are generally necessary to protect life and property could be excepted while others would not be excepted).

<u>The administrative judge properly found that the agency proved by preponderant evidence that the appellant's furlough promoted the efficiency of the service.</u>

¶11    An agency satisfies the efficiency of the service standard by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that it applied its determination as to which employees to furlough in a "fair and even manner." *Lopez*, 121 M.S.P.R. 647, ¶ 15. A "fair and even manner" means that the agency applied the adverse action furlough uniformly and consistently. *Id.* It does not mean that the agency is required to apply the furlough in such a way as to satisfy the Board's sense of equity. *Id.* Rather, it means that the agency is required to treat similar employees similarly and to justify any deviations with legitimate management reasons. *Id.*

¶12    On review, the appellant disputes the administrative judge's finding that he is not similarly situated to the security guard employees who the agency excepted from the furlough. PFR File, Tab 1 at 11-13. He argues he is similarly situated because he regularly provided guidance to the security guards to direct the emergency activity that they performed and was responsible for the implementation of the physical security/crime prevention programs for the installation. *Id.* at 6, 11.

¶13    Which employees are similarly situated for purposes of an adverse action furlough will be decided on a case-by-case basis, but the Board will be guided by reduction-in-force (RIF) principles in making that determination. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013); *see* 5 C.F.R. § 752.404(b)(2) (applying RIF competitive‑level principles to adverse action

furloughs). In determining the retention standing of competing employees during a RIF, each agency shall establish competitive levels consisting of all positions in a competitive area that are in the same grade (or occupational level) and classification series, and that are similar enough in duties, qualification requirements, pay schedules, and working conditions so that an agency may reassign the incumbent of one position to any of the other positions in the level without undue interruption. *Weathers v. Department of the Navy*, 121 M.S.P.R. 417, ¶ 8 (2014). Position descriptions are significant evidence in determining whether positions should be in the same competitive level, but other evidence also may be relevant under the circumstances if it sheds light on the position descriptions. *McKenna v. Department of the Navy*, 105 M.S.P.R. 373, ¶ 13 (2007); *see Jicha v. Department of the Navy*, 65 M.S.P.R. 73, 77 (1994) (finding that the competitive level in which an employee is placed is determined by the duties and qualifications required of the incumbent as set forth in the official position description).

¶14    Considering these RIF competitive-level principles, we agree with the administrative judge that the appellant is not similarly situated to the security guards who were exempt from the furlough because they occupied positions at different grade levels and in different classification series. ID at 11-13; *compare* IAF, Tab 10 at 12-19 (GS-0080-12 Supervisory Security Specialist position description), *with id.* at 6-11, IAF Tab 12 at 5-22 (GS-0085-04 Security Guard, GS-0085-05 Lead Security Guard, and GS-0085-07/09 Supervisory Security Guard position descriptions); *see Naval Station Norfolk-Hearing 2 v. Department of the Navy*, 123 M.S.P.R. 144, ¶¶ 17-18 (2016) (finding that detective and police officer positions required different competitive levels in the context of a furlough because they occupied different grade levels).

<u>The administrative judge properly found that the appellant failed to prove his affirmative defense of retaliation.</u>

¶15       When an appellant asserts an affirmative defense of discrimination or retaliation under 42 U.S.C. § 2000e-16, the Board first will inquire whether he has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015).   An appellant may make this initial showing using direct evidence or any of three types of circumstantial evidence: (1) a "convincing mosaic" of discrimination or retaliation, i.e., suspicious timing, ambiguous oral or written statements, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory or retaliatory intent might be drawn; (2) evidence of disparate treatment of similarly situated comparators; and (3) evidence that the agency's stated reason for its action is unworthy of belief, a mere pretext for discrimination or retaliation. *Id.*, ¶¶ 42, 51.

¶16       If the appellant meets that burden, the Board then will inquire whether the agency has shown by preponderant evidence that the action was not based on the prohibited personnel practice, i.e., that it still would have taken the contested action in the absence of the alleged discriminatory or retaliatory motive, and, if the Board finds that the agency has made that showing, its violation of 42 U.S.C. § 2000e-16 will not require reversal of the action. *Id.*, ¶ 51.

¶17       The administrative judge found that the appellant failed to prove by preponderant evidence that his prior EEO activity was a motivating factor in the decision to furlough him because neither the proposing nor the deciding official was named in the EEO complaint and neither had met the appellant until almost a year after he filed his EEO complaint.   ID at 10.   She noted that the record reflected that the proposing official did not meet the appellant until July 2012 when he first was assigned to the organization and the deciding official did not

become Garrison Commander until October 2012. *Id.*; *see* IAF, Tab 14 at 11, CAF, Tab 5 at 5.

¶18    On review, the appellant asserts that the administrative judge erred in focusing on the timeline between the date he filed his 2011 EEO complaint and the furlough action, and ignored the fact that the proposing and deciding officials learned of his EEO complaint "much later and closer in time to the furlough decision." PFR File, Tab 1 at 10. However, the appellant offered no evidence or argument below concerning when such officials learned of his prior EEO complaint.[3] Thus, based on the record below, we agree with the administrative judge that the appellant failed to meet his burden.

¶19    The appellant contends for the first time on review that he verbally informed the proposing official that he had filed an EEO complaint but fails to specify when. PFR File, Tab 1 at 9. He similarly contends that he informed the deciding official of his prior EEO activity just months before the furlough decision. *Id.* The Board generally will not consider evidence or argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *See Banks v. Department of the Air Force*, [4 M.S.P.R. 268](#), 271 (1980); *Avansino v. U.S. Postal Service*, [3 M.S.P.R. 211](#), 214 (1980). Because the appellant has provided no explanation for his failure to raise such arguments below, we need not consider them on review.[4] In any event, absent any additional evidence from

[3] The record below contains a copy of an investigation report regarding a subsequent EEO complaint that the appellant filed in 2014, in which an investigator generally summarizes the appellant's testimony that management officials, including the proposing and deciding officials for his furlough, were aware of his 2011 EEO complaint. IAF, Tab 14 at 11. According to the investigator's summary, the proposing official testified that he was not aware of the appellant's prior EEO activity. *Id.* The record does not, however, reflect when the appellant contended such officials became aware of his 2011 EEO complaint.

[4] We similarly decline to address the appellant's argument raised for the first time on review that the agency violated the Anti-Deficiency Act when it contacted him to perform work while he was furloughed. PFR File, Tab 1 at 11‑12.

which an inference of retaliatory intent might be drawn, we find the appellant's bare assertions that the proposing and deciding official were aware of his prior EEO complaint alone fall short of establishing a convincing mosaic of retaliation. *See Savage*, 122 M.S.P.R. 612, ¶¶ 42, 51.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).   If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                          _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.